IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3004-FL

| | |
|---|---|
| GEGORGE R. EVANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPUTY CROFT, SERGEANT )<br>POTTER, and CAPTAIN JEFFRIES, )<br>)<br>Defendants. )<br>) | ORDER |

Plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter comes before the court for review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motions to waive payment of the filing fee (DE 8, 9), motions to amend (DE 11, 12), and motion for a temporary restraining order (DE 13).

A.  Motions to Amend

Plaintiff filed two motions to amend his complaint. The court GRANTS plaintiff's motions to amend. See Fed. R. Civ. P. 15(a).

B.  Motions to Waive Payment of the Filing Fee

Plaintiff requests that the court vacate the January 22, 2015, order, issued by Magistrate Judge Robert B. Jones, Jr., directing prison officials to deduct monthly payments from his inmate trust fund account in order to satisfy the $350.00 filing fee because he is a pretrial detainee and not a prisoner within the meaning of The Prison Litigation Reform Act ("PLRA") when he filed this action. Title 28 U.S.C. section 1915(h) defines the term prisoner as "any person incarcerated or

detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." It is well settled in the Fourth Circuit Court of Appeals that the PLRA, including its filing fee provision, applies to pretrial detainees. See Michau v. Charleston County, 434 F.3d 725, 727 (4th Cir. 2006). Thus, plaintiff's motions are DENIED. However, because the magistrate judge's January 22, 2015, order was issued prior to the determination of whether plaintiff is subject to the provisions of 28 U.S.C. § 1915(g), the court VACATES the magistrate judge's January 22, 2015, order.

C.     Frivolity Review

The PLRA allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three strikes" provision of the PLRA. See Altizer v. Deeds, 191 F.3d 540, 544-45 (4th Cir. 1999). Cases which are dismissed as frivolous prior to the April 26, 1996, effective date of the PLRA count toward an inmate's three strikes. Id. at 545 ("All five Circuit Courts of Appeals that have addressed whether actions that have been dismissed as frivolous prior to the effective date of the PLRA count toward an inmate's three strikes have answered the question affirmatively.") (citations omitted); see also, Doyle v. North Carolina, No. 5:06-CT-3121-BO, 2007 WL 3355628, at *1 (E.D.N.C. Apr. 2, 2007) ("Cases which have been dismissed as frivolous prior to the effective date of the PLRA count toward an inmate's three strikes."), aff'd, 238 F. App'x 982 (4th Cir. 2007).

2

At least three previous cases filed by plaintiff have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. These cases include: Evans v. North Carolina, No. 84-1152-CRT (E.D.N.C. dismissed Nov. 6, 1984); Evans v. Smith, No. 83-1294 (E.D.N.C. dismissed Dec. 8, 1983); and Evans v. Shoaf, No. 7:03-CV-8-BO (E.D.N.C., dismissed July 29, 2003).

Because plaintiff has three strikes, he must show that he is under imminent danger of serious physical injury in order to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(g); Smith v. Ray, 590 F. App'x 232 (4th Cir. 2015). Section 1915(g)'s imminent danger "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g). Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) ("Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.") (internal quotation omitted).

The court begins its imminent danger analysis with plaintiff's assertion that defendant Deputy Croft sprayed him with pepper spray on December 31, 2014, following a dispute about legal mail in the course of which plaintiff "pointed his finger at Croft and told him he would be out of a job next week." See (Compl. p. 3.) As stated, the imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, but is not available as a remedy for past misconduct. See Martin, 319 F.3d at 1050. As a result, plaintiff's claim of a past isolated

3

incident of pepper spraying is insufficient to constitute imminent danger. See Abdul–Akbar v. McKelvie, 239 F.3d 307, 317 (3rd Cir. 2001) (finding that being sprayed once with pepper spray not imminent danger); see also, Merriweather v. Reynolds, 586 F. Supp.2d 548, 557 (D.S.C. May 11, 2008) ("In other words, the use of pepper spray-approximately two years ago-did not place the plaintiff under imminent danger of serious physical injury on February 29, 2008.").

The court now turns to plaintiff's vague and conclusory allegations of harassing and threatening behavior. As stated, vague and general allegations are not sufficient to satisfy section 1915(g)'s imminent danger requirement. See Johnson, 200 F. App'x at 272; White v. State of Colo., 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Finally, the court considers plaintiff's statement in his February 10, 2015, amended complaint that "Columbus County Deputies have already tried to kill [him] by shooting [him] over 30 [] times last year." (Am. Compl. (DE 11), pp. 1-2.) Such allegations are insufficient to establish imminent danger at the time plaintiff filed the instant complaint because, by plaintiff's own admission, the alleged shooting occurred more than one year prior to the filing of this action. Further, plaintiff was allegedly shot by Columbus County Sheriff's deputies, and now is incarcerated at the Onslow County Detention Center. Because plaintiff was not incarcerated in Columbus County at the time he filed this action and does not allege that he had any contact with any Columbus County deputies at the time he filed this action, he was not under imminent danger of serious physical injury from the Columbus County sheriff's deputies at issue at the time he filed his complaint. See Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012). Thus, plaintiff again has failed to establish that he was in imminent danger at the time he filed his complaint.

For the foregoing reasons, the court rules as follows:

(1) Plaintiff's motions to amend (DE 11, 12) are GRANTED;

(2) Plaintiff's motions to waive the filing fee (DE 8, 9) are DENIED;

(3) The court VACATES the magistrate judge's January 22, 2015, order granting plaintiff's motion for leave to proceed without the prepayment of fees (DE 7), and DIRECTS the clerk of court to reimburse plaintiff for any filing fees paid in this case;

(4) The court DENIES plaintiff's motion to proceed without the prepayment of the filing fee (DE 7), and DISMISSES without prejudice plaintiff's claims under 28 U.S.C. § 1915(g).

(5) Because the court DISMISSES this action without prejudice, plaintiff's motion for a temporary restraining order (DE 13) is DENIED as MOOT.

SO ORDERED, this the 22nd day of June, 2015

*[signature]*

LOUISE W. FLANAGAN
United States District Judge

5